**IN THE UNITED STATES DISTRICT COURT FOR**
**THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

JERMAINE CATHEY,

Movant,

v.

CRIMINAL ACTION NO. 3:23-00179
CIVIL ACTION NO. 3:26-0116

UNITED STATES OF AMERICA,

Respondent.

**MEMORANDUM OPINION AND ORDER**

Before the Court is Petitioner Jarmaine Cathey's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Petitioner's Motion, ECF No. 75). For the reasons stated below, the Court **DENIES** the Motion.

**BACKGROUND**

On August 19, 2024, Mr. Cathey pleaded guilty to unlawfully possessing a firearm. *See* ECF Nos. 36, 48. On January 22, 2025, the Court sentenced Cathey to eighty-seven months of imprisonment. *See* ECF No. 69. Over the objection of Cathey's counsel, the Court applied a four-level enhancement for possession of a firearm in connection with another felony offense. *See* Gov't's Resp. Ex. 3, at 5; Ex. 4, at 44–45, ECF No. 96. The Court entered judgment in Cathey's case on January 23, 2025. *See* ECF No. 69. Cathey did not appeal the Court's sentence. *See* Pet'r's Mot., at 3.

The present Motion asks the Court to "set aside" or "correct" Mr. Cathey's sentence or to allow Cathey to "serve the remainder of [his] sentence on home confinement." *Id.* at 13. Cathey argues he is entitled to relief because (1) his counsel at sentencing "failed to effectively represent

[him] and argue the 4-point enhancement" for firearm possession should "be removed," *id.* at 5, (2) he should benefit from Amendment 821 of the Sentencing Guidelines, *see id.* at 6, and (3) the Bureau of Prisons miscalculated his custody credits. *See id.* at 8.

**ANALYSIS**

28 U.S.C. § 2255(a) allows "[a] prisoner in custody under sentence of" a federal court to "move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). Generally, a defendant must file a § 2255 motion within one year of "the date on which the judgment of conviction becomes final . . . ." *Id.* § 2255(f)(1). "Where, as here, a petitioner does not file a direct appeal, a conviction becomes final when the appeal period expires." *United States v. Green*, 67 F.4th 657, 663 (4th Cir. 2023).

Mr. Cathey had fourteen days after the Court entered final judgment to appeal. *See* Fed. R. App. P. 4(b)(1)(A). Accordingly, Cathey had until February 6, 2026 to file a § 2255 motion. He did not file the motion until February 17, 2026. *See* Pet'r's Mot.

Mr. Cathey asks the Court to excuse his untimeliness. *See* Pet'r's Mot. in Resp., ECF No. 81. A court may consider an untimely § 2255 motion if it applies the doctrine of equitable tolling. *See Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000). To benefit from equitable tolling, a defendant must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Whiteside v. United States*, 775 F.3d 180, 184 (4th Cir. 2014).

Mr. Cathey claims he was unable to timely file his motion because (1) the correctional facility where he is housed went on lockdown "soon after" he arrived on February 28, 2025, and (2) he was placed in a "special housing unit" and therefore had no access to his facility's law library from April to July of 2025. *See* Pet'r's Mot. in Resp. But Mr. Cathey has not said when the

lockdown ended. Also, even if Mr. Cathey could not access a law library while he was in the special housing unit,[1] he spent only three or four months there. Thus, he may have had as many as seven full months of law-library access between the time he arrived at his current facility and the deadline for a § 2255 motion. Cathey has not explained why he could not prepare his motion within that timeframe. Accordingly, the Court does not find Cathey "has been pursuing his rights diligently" nor "that some extraordinary circumstance stood in his way and prevented timely filing." *See Whiteside*, 775 F.3d at 184.

## CONCLUSION

Since Cathey untimely filed his § 2255 motion and equitable tolling does not apply, the Court **DENIES** his Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (ECF No. 75).

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel and the defendant, the United States Attorney's Office, the United States Probation Office, and the United States Marshal Service.

ENTER: September 8, 2026

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE

[1] The Government disputes this. *See* Gov't's Resp., at 6. It provides records showing Cathey was granted access to his facility's law library on March 22, 2026 and April 26, 2026. *See* Gov't's Resp. Ex. 1. But this, on its own, does not demonstrate Cathey had library access while in a special housing unit in 2025. While the Government claims Cathey was in a special housing unit from November 17, 2025 to May 12, 2026, it offers no evidence to that effect.